IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CYNTHIA BOWEN and           x
JOYCE "POOD" BERGKESSEL,    :

       Plaintiffs,          :

vs.                        :     CIVIL ACTION FILE NO.
                              1:12-cv-

MANHEIM REMARKETING, INC.  :
and COX ENTERPRISES, INC.,     JURY TRIAL DEMANDED
                        :

       Defendants.
_____x

## COMPLAINT

Plaintiff, Cynthia Bowen (hereinafter "Ms. Bowen"), and Plaintiff, Joyce "Pood" Bergkessel ("Ms. Bergkessel) by and through their counsel of record, Robert N. Marx of Marx & Marx, L.L.C., as and for their Complaint, respectfully alleges as follows:

PARTIES

1.

Plaintiff Cynthia Bowen is a natural born Caucasian female residing within the Northern District of Georgia.

2.

Plaintiff Joyce "Pood" Bergkessel is a natural born Caucasian female residing within the Northern District of Georgia.

3.

On information and belief, Defendant, Manheim Remarketing, Inc. ("Manheim") is a domestic corporation doing business in the Northern District of Georgia.

4.

On information and belief, the registered agent for service of process on Manheim Remarketing, Inc. is Corporation Service Company located at 40 Technology Parkway, #300, Norcross, GA 30092.

5.

On information and belief, Defendant, Cox Enterprises, Inc. ("Cox Enterprises") is a domestic corporation doing business in the Northern District of Georgia.

6.

On information and belief, the registered agent for service of process on Cox Enterprises, Inc. is Corporation Service Company located at 40 Technology Parkway, #300, Norcross, GA 30092.

7.

On information and belief, Manheim Remarketing, Inc. and Cox Enterprises, Inc. (collectively referred to as "Defendants") employed more than 15 employees at all relevant times and are engaged in an industry affecting interstate commerce.

8.

On information and belief, Defendants are engaged in commerce as defined under the Fair Labor Standards Act ("FLSA") at 29 U.S.C.§203(b).

9.

On information and belief, each of the Defendants are an "enterprise engaged in commerce or in the productions of goods or services for commerce" as defined in 29 U.S.C. §§203(r) and (s). On information and belief, at all relevant times and continuing each Defendant had an annual business dollar volume of at least $500,000.

10.

On information and belief at all relevant times each of the Defendants had and continue to have two or more employees of its enterprise individually engaged in commerce or whom otherwise individually meet the traditional test of coverage under the FLSA.

11.

Plaintiffs were individually covered by the FLSA as they utilized the instrumentalities of commerce while they performed and continue to perform their job duties for Defendants Manheim Remarketing, Inc. and Cox Enterprises, Inc.

12.

At all relevant times Defendants Manheim Remarketing, Inc. and Cox Enterprises, Inc. operated as a single integrated enterprise and/or were a joint employer with respect to Plaintiffs insofar as the human resources operations of the two Defendants were interrelated and employment decisions by Manheim Remarketing, Inc. had to be approved by and could be appealed to Cox Enterprises, Inc..

<u>JURISDICTION</u>

13.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343 in that this is an action to recover damages for violations of Acts of Congress providing for equal rights of citizens.  The jurisdiction of this Court is also invoked pursuant to 42 U.S.C. Secs. 2000e *et seq.*, Title VII of the Civil Rights Act of 1964, as amended (hereinafter "Title VII") and 42 U.S.C. §1981 (hereinafter "§1981").  The jurisdiction of this Court is also invoked pursuant to 29 U.S.C. §626, and 29 U.S.C. §§621 *et seq.*, the Age Discrimination in Employment Act ("ADEA").  The jurisdiction of this Court is invoked pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b).

VENUE

14.

Venue is appropriate pursuant to 28 U.S.C. §1391 in that the Northern

District of Georgia is the judicial district in which a substantial part of the events

giving rise to this claim occurred.

NATURE OF THIS ACTION

15.

This is a complaint of unlawful employment discrimination on the basis of

Plaintiff's sex, race, color and age.  This is also a complaint for unpaid overtime

under the Fair Labor Standards Act ("FLSA"). The complaint seeks declaratory

and permanent injunctive relief and damages for redress of rights secured to

Plaintiff by 42 U.S.C. §1981 ("Section 1981"), 42 U.S.C. §§2000e *et seq*. ("Title

VII"), 29 U.S.C. §§621 *et seq*. "ADEA"), and 29 U.S.C. §216(b) ("FLSA").

Plaintiff also seeks an award of attorneys' fees and costs, pursuant to the FLSA and

42 U.S.C. §1988.

CONDITIONS PRECEDENT

16.

All conditions precedent to invoke the jurisdiction of this Court under Title

VII have been met. Specifically, the Equal Employment Opportunity Commission

("EEOC") issued Right to Sue letters regarding Plaintiffs' charges of

discrimination filed with that agency on August 23, 2012 and less than 90 days

have elapsed between their receipt thereof and the filing of this action.

<u>FACTS</u>

A. <u>Cynthia Bowen</u>

17.

Plaintiff Cynthia Bowen was born on xx/xx/61.  At the time of the adverse

employer action set forth below, Ms. Bowen was forty-nine (49) years of age.

18.

Ms. Bowen has bi-racial children, which fact on information and belief was

known to Defendants at all relevant times.

19.

Ms. Bowen has been and continues to be employed by Defendants since in

or about 2002.

20.

Commencing in or about August 2008 Ms. Bowen was employed in a

salaried position as Transportation Manager at Manheim Georgia.

21.

On repeated occasions, one Jason Blake, the Assistant General Manager at

Manheim Georgia, and to whom Ms. Bowen directly reported,  made derogatory

comments about Ms. Bowen's age, her gender and the fact that she has bi-racial children.

22.

On more than one occasion Ms. Bowen complained about Mr. Blake's conduct to both local HR and to Corporate offices but Mr. Blake's discriminatory conduct continued.

23.

On or about June 29, 2011, Ms. Bowen was demoted from her position of Transportation Manager to Transportation Supervisor.   Effective on or about July 11, 2011 the demotion resulted in Ms. Bowen being paid hourly as Transportation Supervisor earning less money, whereas before the demotion Ms. Bowen had been a salaried Transportation Manager.  In addition, as Transportation Supervisor instead of Transportation Manager, Ms. Bowen was no longer entitled to a substantial annual bonus.

24.

On information and belief, at or about the same time, in August 2011, other female salaried managers were also demoted to hourly supervisor positions.

25.

On information and belief, the only employees demoted from salaried manager positions to hourly supervisor positions at Ms. Bowen's work unit were female.

26.

On information and belief, similarly situated younger male employees were retained in salaried manager positions, or were put into such positions at Ms. Bowen's work unit.

27.

As a result of the foregoing demotion, Ms. Bowen has suffered and continues to suffer loss of pay and mental anguish and emotional distress.

B. Joyce "Pood" Bergkessel

28.

Plaintiff Joyce "Pood" Bergkessel was born on xx/xx/55.  At the time of the adverse employer action set forth below, Ms. Bowen was fifty-five (55) years of age.

29.

Ms. Bergkessel has been and continues to be employed by Defendants for over twenty-one years, since in or about 1990.

30.

Commencing in or about 1992 Ms. Bergkessel was employed in a salaried position as Promotions Manager at Manheim Georgia.

31.

On or about August 17, 2011, Ms. Bergkessel was demoted from her position of Promotions Manager to Promotions Supervisor.   Effective on or about August 17, 2011, the demotion resulted in Ms. Bergkessel being paid hourly as Promotions Supervisor earning less money, whereas before the demotion Ms. Bergkessel had been a salaried Promotions Manager.  In addition, as Promotions Supervisor instead of Promotions Manager, Ms. Bergkessel was no longer entitled to a substantial annual bonus.

32.

On information and belief, at or about the same time, in August 2011, other female salaried managers were also demoted to hourly supervisor positions.

33.

On information and belief, the only employees demoted from salaried manager positions to hourly supervisor positions at Ms. Bergkessel's work unit were female.

34.

On information and belief, similarly situated younger male employees were retained in salaried manager positions, or were put into such positions at Ms. Bergkessel's work unit.

35.

As a result of the foregoing demotion, Ms. Bergkessel has suffered and continues to suffer loss of pay and mental anguish and emotional distress.

FIRST CAUSE OF ACTION
(Sex Discrimination, Title VII)

36.

Plaintiffs re-allege each and every allegation contained in Paragraphs 1 through 35 to the same force and effect as if set forth separately herein.

37.

Plaintiffs were subjected to differential treatment than similarly situated employees based upon their sex.

38.

Defendants' aforesaid actions violated Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §§2000e *et seq*.

39.

Defendants intentionally discriminated against Plaintiffs on the basis of their sex and/or acted with deliberate disregard as to whether their actions did so.

<u>SECOND CAUSE OF ACTION</u>
<u>(Age Discrimination (ADEA))</u>

40.

Plaintiffs re-allege each and every allegation contained in Paragraphs 1 through 35 to the same force and effect as if set forth separately herein.

41.

Defendants' aforesaid actions violated the Age Discrimination in Employment Act, 29 U.S.C. §§621 *et seq*. ("ADEA").

42.

Defendants' violation of the ADEA was willful.

<u>THIRD CAUSE OF ACTION</u>
<u>(Race Discrimination, Title VII)</u>
<u>(Cynthia Bowen only)</u>

43.

Plaintiff Cynthia Bowen re-alleges each and every allegation contained in Paragraphs 1 through 35 to the same force and effect as if set forth separately herein.

44.

On information and belief, Defendants demoted Ms. Bowen based on the fact that she has bi-racial children.

45.

Defendants' acts violated 42 U.S.C. §§2000e *et seq*. ("Title VII").

46.

Defendants intentionally discriminated against Plaintiff Bowen on the basis of her children's race and/or acted with deliberate disregard as to whether their actions did so.

<u>FOURTH CAUSE OF ACTION</u>
<u>(Race Discrimination, 42 U.S.C.§1981)</u>
<u>(Cynthia Bowen only)</u>

47.

Plaintiff Cynthia Bowen re-alleges each and every allegation contained in Paragraphs 1 through 35 to the same force and effect as if set forth separately herein.

48.

On information and belief, Defendants demoted Ms. Bowen based on the fact that she has bi-racial children.

49.

Defendants' acts violated 42 U.S.C. §1981.

50.

Defendants intentionally discriminated against Plaintiff Bowen on the basis of her children's race and/or acted with deliberate disregard as to whether their actions did so.

## FIFTH CAUSE OF ACTION
## (FLSA §216(b))

51.

Plaintiffs re-allege each and every allegation contained in Paragraphs 1 through 35 to the same force and effect as if set forth separately herein.

52.

At the time that Plaintiffs were demoted in 2011 they were advised that in Defendants' opinion, under the Fair Labor Standards Act (FLSA), they were "non-exempt" employees.  However, when Plaintiffs were demoted in 2011, their job duties did not change.

53.

In their respective positions as Promotions Manager and Transportation Manager, Plaintiffs each worked an average of sixty (60) hours per week, but were not paid any overtime.

54.

Defendants repeatedly and willfully violated the provisions of §§7 and 15(a)(2) of the FLSA, 29 U.S.C. 207 and 215(a)(2) by employing Plaintiffs,

engaged in commerce, for work weeks longer than 40 hours without compensating them for their work week in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed.

55.

Defendants' violation of the overtime pay requirements set forth in the FLSA were willful.

56.

Defendants owe the Plaintiffs overtime pay for work performed but not compensated in an amount to be determined in this action, plus liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

SIXTH CAUSE OF ACTION
(Failure to maintain time records, FLSA)

57.

Plaintiffs re-allege each and every allegation contained in Paragraphs 1 through 35, and 51 through 56 to the same force and effect as if set forth separately herein.

58.

Within the preceding four years, Defendants, employers subject to the provisions of the FLSA, repeatedly violated the provisions of §§11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§211(c) and 215(a)(5), and the Department of Labor Regulations at 29 CFR §516.

14

WHEREFORE, Plaintiffs seek the following relief:

1.   Compensatory make-whole relief for Plaintiffs' economic damages including but not limited to back pay;

2.   Damages for mental anguish;

3.   Punitive damages;

4.    Unpaid overtime under the FLSA;

5.   Liquidated damages under the FLSA

6.   Attorneys' fees, expert witness fees, costs and disbursements of this action;

7.   Appropriate declaratory and injunctive relief;

8.    Interest from an appropriate point until judgment is entered and post-judgment interest as may be proper;

9.    Such other and further relief as this Court deems appropriate; and

10.    Plaintiffs demand TRIAL BY JURY.

This 23rd day of November 2012.

<u>**s/ROBERT N. MARX**</u>
Robert N. Marx, Esq.
Georgia Bar No. 475280
Jean Simonoff Marx, Esq.
Georgia Bar No. 475276
Marx & Marx, L.L.C.
5555 Glenridge Connector
Suite 200
Atlanta, Georgia 30342
Telephone:  (404) 261-9559

15

lawyers@marxlaw.com
Attorneys for Plaintiff